IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VANESSA OLARTE,** <br>         **Plaintiff** <br><br> **v.** <br><br> **RYAN CYWINSKI,** <br>         **Defendant** | No. 3:12cv632 <br><br> (Judge Munley) |

## MEMORANDUM

Before the court for disposition is defendant's motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). The motion has been fully briefed and is ripe for disposition.

**Background**

On or about November 18, 2011, Vanessa Olarte (hereinafter "plaintiff") was driving home from college on Middle Road, Hanover Township, Pennsylvania. (Doc. 1, Compl. ¶ 8 (hereinafter "Compl."); Doc. 12, Def. Br. in Supp. at 2). Plaintiff noticed a police car behind her with its lights on and immediately pulled over. (Compl. ¶¶ 9, 10). Defendant Ryan Cywinski (hereinafter "defendant"), a Hanover Township Police Department officer, approached plaintiff's car and told her that he pulled her over for speeding. (Id. ¶¶ 5, 11). Plaintiff provided defendant with her valid driver's license, insurance and registration and defendant went back to his police vehicle. (Id. ¶ 13; Doc. 1, Exs. A, B, C). Approximately five minutes later, defendant returned to plaintiff's car and asked her if she had been to Philadelphia. (Compl. ¶ 14). Plaintiff responded, "No." (Id. ¶ 15). Defendant told her that her car's license plates[1] were reported stolen in

---

[1] The parties refer to license "plate" or "plates" throughout their briefs. It is unclear whether plaintiff had one or two licenses plates on her

Philadelphia.  (Id. ¶ 16).  Plaintiff stated that it was impossible because she has never been there.  (Id. ¶ 17).

Defendant went to his police car and minutes later another police car arrived at the scene.  (Id. ¶¶ 19, 20).  Shortly thereafter, a third police car arrived.  (Id. ¶ 21).  Appropriately thirty minutes later, three officers approached plaintiff and told her that they had to take her license plates because they were reported stolen and her car would be towed because it was illegal to drive the car without valid plates.  (Id. ¶ 22).  Plaintiff asked defendant how long her plates were reported stolen.  (Id. ¶ 23).  Defendant told her "since 2007."  (Id. ¶ 24).  Plaintiff also asked defendant why she had never previously had a problem when she was pulled over or when renewing her yearly registration.  (Id. ¶ 25).  The license plate numbers on her car were the same as her registration.  (Id. ¶ 18).  Defendant refused to answer any of plaintiff's questions and told her to get out of her car.  (Id. ¶ 26).

Defendant gave plaintiff an "acknowledgment of seized driver's license/vehicle registration" form and noted that she refused to sign.  (Id. ¶ 27; Doc. 1, Ex. D).  Plaintiff alleges that defendant never asked her to sign the form.  (Compl. ¶ 27).  Defendant gave plaintiff a ticket for speeding.  (Id. ¶ 28; Doc. 1, Ex. E).  He told her that she should be happy he was not arresting her for driving with stolen plates.  (Compl. ¶ 29).  Plaintiff exited her car and it was towed.  (Id. ¶ 30).  Defendant asked plaintiff if she needed a ride and she responded that she did, however, the three officers left plaintiff at the scene without providing her with any transportation.  (Id. ¶ 31).

---

vehicle.

Plaintiff immediately contacted her insurance agent. (Id. ¶ 32). The agent then contacted PennDot to inquire whether the license plates were reported stolen. (Id.) A PennDot representative stated that there were no reported incidents regarding the plates and advised plaintiff to go to the police station and ask for a police report and her license plates. (Id. ¶¶ 32, 33; see Doc. 1, Ex. F).

Later that day, plaintiff went to the police station to speak to defendant. (Compl. ¶ 34). Defendant stated that a police report did not exist. (Id.) A few minutes later, defendant said there was a report, but it was "classified" and she could not have access to it without a lawyer. (Id. ¶ 35). Defendant told plaintiff that he had taken care of the stolen registration status, but already sent her plates to PennDot, therefore she would have to buy new license plates. (Id. ¶ 36).

Plaintiff claims that she incurred expenses to have her car towed and secure new license plates. (Id. ¶¶ 37, 38; see Doc. 1, Exs. G, H). Prior to receiving the new plates, she was unable to drive her car, which left her with no transportation to go to school or work. (Comp. ¶ 39). She was also unable to transport her mother to work. (Id.) Plaintiff claims that she lost income and incurred additional expenses for public transportation. (Id.)

Plaintiff filed a three-count complaint against defendant on April 5, 2012. (Doc. 1). Counts I and II allege violations of plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Count III asserts a Pennsylvania state law conversion claim. On June 6, 2012, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). The parties have fully briefed

the motion, bringing the case to its present posture.

**Jurisdiction**

The court has federal question jurisdiction over this case brought under 42 U.S.C. § 1983 (hereinafter "Section 1983") for violation of plaintiff's constitutional rights. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty.

of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

To determine the sufficiency of a complaint, the court should identify the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Generally, a court should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendant moves for the dismissal of plaintiff's Fourth and Fourteenth Amendment claims and requests that we decline to exercise supplemental jurisdiction over plaintiff's state law claim. As plaintiff brings her federal law claims pursuant to Section 1983, we will briefly address the law as it pertains to that statute.

Section 1983 does not create substantive rights, rather it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). In pertinent part, Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to establish a claim under Section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id. The parties do not dispute whether defendant acted

under color of state law, only whether plaintiff's constitutional rights were violated. We will address each of defendant's arguments in support of his motion to dismiss.

**1. Standing**

First, defendant challenges plaintiff's Fourth Amendment standing. The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. AMEND. IV. A "seizure" of property "occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal v. Cook Cnty., Ill., 506 U.S. 56, 61 (1992) (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)). A plaintiff has standing to assert a Fourth Amendment violation when a seizure infringes upon an interest that the amendment was designed to protect. Rakas v. Illinois, 439 U.S. 128, 140 (1978). "To have standing to state a claim for unlawful seizure under the Fourth Amendment pursuant to § 1983, a plaintiff [must] assert a property or possessory interest in the seized property." Cunningham v. N. Versailles Twp., No. 09-1314, 2010 WL 391380, at *10 (W.D. Pa. Jan. 27, 2010) (citing U.S. CONST. AMEND. IV; Rakas, 439 U.S. at 148).

Defendant argues that plaintiff's complaint does not allege that she had a property or possessory interest in the vehicle, therefore plaintiff does not have standing to assert a Fourth Amendment violation. Defendant claims that the vehicle plaintiff operated the day she was pulled over was owned by her father, Herminio Olarte. He argues that the complaint does not contain any allegations that the vehicle was given to her by her father to use as her own property or any allegations that she had a possessory

interest in the vehicle.

Plaintiff argues that she had a property and possessory interest in the vehicle. She claims that she had exclusive control over the vehicle, exercised reasonable care to protect it, maintained the car by ensuring it operated properly and paid for necessary improvements and gasoline. She contends that her father gave her the car and that she was the sole operator. Plaintiff also relies on the legal principal of bailment for mutual benefit in support of her interest in the car.

In accepting all of the factual allegations in the complaint as true and giving the plaintiff the benefit of all reasonable inferences, we find that she sufficiently pled a possessory interest in the vehicle, and thus, has standing to assert her Fourth Amendment claim. Plaintiff possessed a valid driver's license, insurance and registration on the day she was pulled over by defendant. It appears that plaintiff used the car on many occasions. She drove the vehicle to school and work. She also used the car to transport her mother to work. Plaintiff asserts that she did not have a problem with the car when previously pulled over by police. The allegations indicate that she had renewed the vehicle's yearly registration. Plaintiff had the vehicle towed to her residence. She ordered new license plates and paid the costs of replacement. Plaintiff also incurred additional expenses to use alternative means of transportation.

At this motion to dismiss stage, we find that the complaint contains enough facts to raise a reasonable expectation that discovery will reveal plaintiff has a possessory interest in the vehicle.[2] Defendant does not

---

[2] Because we find that plaintiff sufficiently pled a possessory interest in the vehicle, we will not address plaintiff's argument regarding bailment

contest plaintiff's Fourth Amendment claim on any other grounds. Accordingly, we will deny defendant's motion to dismiss plaintiff's Fourth Amendment claim.

## 2. Fourteenth Amendment

Defendant argues that plaintiff's Fourteenth Amendment procedural due process claim fails as a matter of law.[3] The Fourteenth Amendment of the United States Constitution provides, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. XIV. The Fourteenth Amendment establishes both procedural and substantive due process rights. It is well-established that procedural due process protects possessory interests in property. Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) (citation omitted). "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." Id. (citations omitted).

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455

---

for mutual benefit.

[3] In addition to procedural due process rights, the Fourteenth Amendment guarantees certain substantive rights. Defendant also argues that plaintiff's complaint fails to state a claim for a substantive due process violation. However, as plaintiff indicates in her brief in opposition to the motion to dismiss, she is only asserting a procedural due process claim in her complaint. Therefore, the court will not address defendant's substantive due process argument.

9

F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 421 (3d Cir. 2000) (citing Parratt v. Taylor, 451 U.S. 527, 539 (1981)) ("[W]here the State must take quick action, or where it is impractical to provide meaningful pre-deprivation process, due process will be satisfied by a meaningful post-deprivation remedy."); Harris v. Wooden, 808 F. Supp. 2d 736, 740 (D. Del. 2011) (quoting Abbott, 164 F.3d at 146-47) ("Advance notice is the constitutional norm, but post-deprivation notice meets due process standards if it 'guarantee[s] protection against erroneous or arbitrary seizures.'").

A plaintiff cannot prevail on a Fourteenth Amendment procedural due process claim if the state has an adequate post-deprivation procedure or remedy available. See Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 139 (3d Cir. 2010). An adequate procedural due process remedy is when a state provides a "reasonable remedies to rectify a legal error by a local administrative body." Perano v. Twp. of Tilden, 423 F. App'x. 234, 237 (3d Cir. 2011) (quoting DeBlasio v. Zoning Bd. of Adjustment for Twp. of West Amwell, 53 F.3d 592, 597 (3d Cir. 1995), *abrogated in part on other grounds by* United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003)).

In the instant case, defendant cites Pennsylvania statutes in support

10

of his decision to tow the vehicle and to demonstrate that state law provided plaintiff due process through a replevin action, which she chose not to pursue. See 75 PA. CONS. STAT. ANN. §§ 3352, 6309.2; PA. R. CIV. P. 1071-88. Defendant argues that due process only requires some post-deprivation remedy.

Plaintiff contends that there were no procedures available to her. She asserts that when defendant towed her car and immediately sent her license plate to PennDot, he deprived her of any opportunity for a post-deprivations remedies. She also asserts that the Pennsylvania statutes defendant cites are inapplicable and replevin was an inadequate remedy.

We agree with defendant that Pennsylvania law provided plaintiff with adequate post-deprivation remedies. Courts have found that Pennsylvania law provides for such adequate remedies through replevin and conversion claims. See Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (finding that a Pennsylvania state law conversion claim was a post-deprivation remedy); Lewis v. Heckler, Civil Action No. 11-6492, 2012 WL 1646862, at *3 (E.D. Pa. May 10, 2012) ("In Pennsylvania, there are postdeprivation remedies pertaining to seizures of property that have been deemed meaningful for purpose of alleged violations of the Fourteenth Amendment."); Marsh v. Ladd, No. 03-5977, 2004 WL 2441088, at *7 (E.D. Pa. Oct. 27, 2004) ("Plaintiff has an adequate state post-deprivation remedy in her state law claims for replevin and conversion.").

We find that plaintiff acknowledges in her brief in opposition that a replevin action was an available post-deprivation remedy, although she argues that it was inadequate. She argues that the identity of the vehicle's true owner was clear, that the process would be expensive and time-

11

consuming, that she would have to pursue the action against the towing company instead of the defendant and that replevin would deprive her of the use of her car.  These reasons do not support a finding that a replevin action would have been unavailable, inadequate, or unreasonable remedy to rectify the alleged error.  See Perano, 423 F. App'x. at 237.  We also find that plaintiff could have pursued a conversion claim in state court.  Conversion is an available remedy, which is evidenced by plaintiff's pursuit of such a claim in Count III of the instant complaint.

Because replevin and conversion are available post-deprivation state law remedies, we will grant defendant's motion to dismiss plaintiff's Fourteenth Amendment claim for deprivation of property without due process of law.

### 3.  Conversion

Defendant argues that this court should not exercise supplemental jurisdiction over plaintiff's state law conversion claim because plaintiff did not assert any claims that provide a basis for original jurisdiction.  As we found above, plaintiff sufficiently pled her Fourth Amendment violation claim.  Therefore, we have supplemental jurisdiction over this matter and we will deny defendant's motion to dismiss on those grounds.  See 28 U.S.C. § 1367(a).

We also conclude that, in considering defendant's Rule 12(b)(6) motion, plaintiff's complaint provided sufficient allegations in support of her conversion claim.  Under Pennsylvania law, "[c]onversion has been defined as the deprivation of another's right of property in, or use or possession of, a chattel without the owner's consent and without lawful justification." Chrysler Credit Corp. v. B.J.M., Jr., Inc., 834 F. Supp. 813, 844 (E.D. Pa.

1993).  "'Where one lawfully comes into possession of a chattel, a conversion occurs if a demand for the chattel is made by the rightful owner and the other party refuses to deliver.'"  Fenton v. Balick, 821 F. Supp. 2d 755, 760 (E.D. Pa. 2011) (quoting Prudential Ins. Co. of Am. v. Stella, 994 F. Supp. 318, 323 (E.D. Pa. 1998)).

We find that plaintiff alleged a plausible conversion claim.  Plaintiff avers that defendant deprived her of use and possession of her vehicle without her consent or lawful justification.  Defendant took her license plates, claiming that they were reported as stolen.  He towed her car because it was illegal to drive a vehicle without valid license plates.  A PennDot representative told plaintiff's insurance agent that there were no reported incidents regarding plaintiff's plates.  Taking the allegations in the complaint as true, we find that plaintiff sufficiently pled her claim.  Therefore, we will deny defendant's motion to dismiss plaintiff's conversion claim.

**Conclusion**

For the reasons set forth above, we will grant in part and deny in part defendant's motion to dismiss plaintiff's complaint.  We will grant defendant's motion as to plaintiff's Fourteenth Amendment claim.  The motion is denied in all other respects.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VANESSA OLARTE,**<br>　　　　　**Plaintiff** | **No. 3:12cv632** |
| **v.** | **(Judge Munley)** |
| **RYAN CYWINSKI,**<br>　　　　　**Defendant** | |

## ORDER

**AND NOW**, to wit, this 28th day of August 2012, upon consideration of defendant's motion to dismiss the complaint (Doc. 11), it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to plaintiff's Fourteenth Amendment claim (Count II). The motion is **DENIED** in all other respects.

　　　　　　　　　　　　　　　　　**BY THE COURT:**


　　　　　　　　　　　　　　　　　**s/ James M. Munley**

　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY
　　　　　　　　　　　　　　　　　United States District Court**

14